Per Curiam.

The issue raised by the demurrer to the petition is whether the respondents, under the facts set out in the petition, are under a clear legal duty to keep the records and make the reports as prayed for in the petition.
The refusal of the respondents to comply with the demand of the Department of Public Welfare is, as disclosed by respondents’ brief, based upon the claim that the Department of Public Welfare had no authority to adopt and submit to the federal government the “state plan” by which federal funds for aid to the permanently and totally disabled of Ohio are provided and distributed; and that since the “plan” is illegal and unconstitutional there is no duty upon the re *508 spondents to aid the Department of Public Welfare in procuring such funds by keeping books or making reports in conformity with this program. The respondents take the position that such a “plan” could be legally authorized and adopted only by the General Assembly and, in support of this contention, point out that the “plan” is, in certain respects, in conflict with state legislation.
For instance, the respondents state that the “state plan,” in conformity with federal requirements, provides that a' county may not furnish aid to permanently and totally disabled persons who are receiving old age assistance, aid to dependent children or aid to the blind, whereas Section 5113.03, Revised Code, provides in part that ‘ ‘ the receipt of other forms of public assistance shall not prevent the receipt of poor relief if additional need exists”; that the “plan” provides that no aid shall be granted to a permanently and totally disabled person who has not resided in Ohio continuously for one year immediately preceding the date of filing the application therefor, whereas Section 5113.02, Revised Code, gives the county relief authority jurisdiction to provide poor relief to persons who have resided in the county less than one year, and Section 5113.04, Revised Code, provides that “the local relief director may approve a payment for the temporary care of transients”; and that the “state plan” provides that a county must make grants in amounts not less than actual requirements under the reimbursable maximum under the federal authority, whereas in Section 5113.04, Revised Code, it is provided that relief is to be based upon actual need.
These discrepancies between the “plan” and state statutory requirements, as well as the general authority of the state to receive such federal funds, are a matter of concern for the federal authorities fur *509 nishing the funds, but, inasmuch as neither the state nor the individual counties receiving such funds are in any way responsible for their repayment or reimbursement to the federal government, such discrepancies are not a matter of legal concern for the respondents.
The relator claims that authority for the adoption of such “plan” is based upon Section 5113.09, Revised Code, which is in part as follows:
“The Department of Public Welfare shall:
“(A) Make reasonable rules for the effective administration of poor relief;
“(B) Make investigations of local administration and issue orders for the correction of any violations of law or regulation; and reimbursement may be discontinued by the state until such orders are complied with;
“(C) Prescribe forms and require reports from local relief authorities, either directly, or through any county officer or board, and from such officer or board, in such form as is prescribed;
“(D) Determine the kinds and amounts of obligations for poor relief and the administration thereof on which state.reimbursement will be based;
“ (E) Co-operate with agencies of the federal, state, and local governments * * *.”
The broad statutory authority of the department to make rules and to require accounting and reports as to persons permanently and totally disabled in a county, with reference to funds furnished by the state and accepted by the county for reimbursement for aid expended from local funds, whether such funds so furnished are state or federal in origin, can not be questioned by the county. Where such funds are accepted by a county, the accounting and the furnishing *510 of the reports required by the department must follow as a matter of course.
The demurrer to the petition is overruled, and, since it is agreed by the parties that the ruling on the demurrer will be dispositive of the question on the merits, the writ is allowed.

Writ allowed.

Matthias, Hart, Zimmerman, Bell and Taft, JJ., concur.
Weygandt, C. J., and Stewart, J., dissent.